UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN ANDREW MARKS,

    Plaintiff,

v.

GARY GARMAN *et al.*,

    Defendants.

Case No. C07-5282FDB/JKA

ORDER

This <u>Bivens</u> action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

Mr. Marks now litigates under a sanction as a result of improper filings. As part of that sanction documents filed by Mr. Marks are submitted under seal for court review. Mr. Marks has filed one documents since entry of the sanction order (Dkt. # 19). Document 19 is a request that the sanctions be lifted. Mr. Marks has filed this motion in multiple cases. In <u>Marks v Gephardt</u>, 07-CV-5259RJB/JKA the court denied the motion and stated:

> The final motion which can be ruled on by a Magistrate Judge is plaintiff's motion to remove the sanctions in this case (Dkt # 50). In August of 2007, plaintiff sent pleadings to the court, which, by his own admission, contained "security details" from the facility where he is housed. Plaintiff sent this document in hand written form and as a sealed filing. Several days later, plaintiff presented the same information in typed form to the defendants, allegedly for copying. Plaintiff avers he took these actions to prove his pleadings were being read by the defendants. Plaintiff was immediately segregated. Plaintiff contends "the Plaintiff did seek to make a point to the Court and to the Defendants. The point was well

made but not well taken" (Dkt # 50, page 2). Plaintiff is wrong in assuming he has proven his pleadings were improperly being read. Nothing in the United States Constitution prevents prison officials, or in this case detention officials, from scanning outgoing mail, even legal mail. Allowing prison officials to scan outgoing mail helps insure the mail is actually entitled to the privileged status the plaintiff claims. Further, scanning of outgoing mail helps prevent a detainee or prisoner from sending out mail that contains plans to escape or plans to conduct other illegal activity.

Even a cursory glance at Plaintiff's August filings shows the documents are not proper legal filings. The documents are a threat to the security of the facility and are not entitled to any Constitutional protection.

The court's reaction has been to seal the documents in question, (a lesser sanction then dismissal of actions or a permanent bar order). Further, to insure plaintiff does not again submit any improper pleading, the court considers each filing under seal and then either enters an order that the document remains sealed or that the document be unsealed.

Plaintiff argues that the court indicating he submitted "improper filings" is something much worse that what actually occurred (Dkt. # 50, page 2). Plaintiff's filings tell a different story. The documents filed warrant the ongoing sanction. Plaintiff's motion is **DENIED.**

(Marks v Gephardt, 07-5259RJB/JKA Dkt. # 51).

The court will not consider plaintiff's motion in any other case as the motion has been ruled on. Further, the filing of the same identical motion in multiple cases serves no valid purpose and is one of the hallmarks of vexatious litigation. Plaintiff is cautioned to discontinue this practice.

The clerk's office is directed to send copies of this order to plaintiff and counsel.


DATED this 25 day of January 2008.

> /S/ *J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate