UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOLIN MARKS,

    Plaintiff,

v.

GARY GARMAN, *et al.*,

    Defendants.

Case No. C07-5282FDB

ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER TO COMPEL

    This Federal Tort Claim Action, asking for seven hundred and fifty thousand dollars has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This action originally also contained a Bivens claim, a Freedom of Information Act claim, and a request for injunctive relief (Dkt. # 5). The other claims have been dismissed (Dkt. # 34). Thus, the only remaining claim is the Federal Tort claim. The only defendant in this action is the United States of America. This is because the United States is the only proper defendant in a Federal Tort Claim Action.

    The procedural history of this case has been considered by the court. Defendants answered the complaint and appeared in October of 2007 (Dkt. # 13 through 16). A scheduling order that set a March 14, 2008, discovery cut off was entered on October 29, 2007 (Dkt. # 17).

ORDER - 1

1  On April 17, 2008, after the discovery cut off date, defendants submitted a motion to dismiss (Dkt. # 21). Defendants specifically challenged subject matter jurisdiction. Plaintiff responded with a motion to show cause indicating he had no access to a law library or materials. Plaintiff did not indicate any discovery was outstanding (Dkt. # 22).

In July of 2008, the court entered a Report and Recommendation to dismiss the Bivens Action and Freedom of Information Act claim (Dkt # 30). That Report and Recommendation was adopted August 11, 2008 (Dkt. # 34). The case was remanded to give plaintiff an opportunity to prove he had exhausted his Federal Tort Claim. The remaining claims are that the defendant denied plaintiff access to files for Joanne and Marva Rudder and access to his own files including his custody file. Plaintiff also seeks copies of grievances he had filed.

A revised scheduling order that did not reopen discovery was entered on August 26, 2008 (Dkt # 35). Plaintiff was given until October 3, 2008, to prove his tort claims were properly exhausted.

On September 10, 2008, plaintiff filed documents showing a tort claim for a different amount than that claimed in the complaint had been denied. The claim was for four hundred and eighty thousand dollars (Dkt. # 36).

On September 11, 2008, plaintiff filed a motion to compel discovery (Dkt. # 37). Plaintiff contends he asked for discovery prior to the March 2008 discovery cutoff. The discovery at issue is access to the files of Joanne and Marva Rudder and access to his own files including his custody file. Plaintiff also seeks copies of grievances he had filed.

After receiving plaintiff's proof of filing a tort claim the remaining defendant moves to dismiss and again challenges the subject matter jurisdiction of the court (Dkt # 39). Defendant agues that as a matter of law, the tort claim filed was inadequate to exhaust the claims remaining in this action (Dkt # 39). That motion is noted for November 14, 2008.

Given the procedural posture of this case, the court cannot rule on the motion to compel. The subject matter jurisdiction of the court has been challenged. Until that issue is resolved the court cannot proceed. Without subject matter jurisdiction the court is unable to hear the motion.

ORDER - 2

1  Plaintiffs motion to compel is **DENIED WITHOUT PREJUDICE**.  The court does not
2  reach the merits of plaintiffs' discovery claims or address the disagreement as to whether the
3  discovery was submitted prior to the March 2008, discovery cutoff.
4  The Clerk of Court is directed to send a copy of this Order to a plaintiff and to counsel for
5  defendant.

7  DATED this 28 day of October 2008.

9  /S/ *J. Kelley Arnold*
   J. Kelley Arnold
10 United States Magistrate Judge

28 ORDER - 3